PORTER, Price Adm'r, OPA, v. RAMBERG.

District Court, S. D. New York.

March 28, 1947.

Sidney S. Stark, Dist. Enforcement Atty., New York Dist. Office, of Trenton, N. J. (Jack N. Lerner, of New York City, of counsel), for plaintiff.

Carl Ranieri, of Brooklyn, N. Y., for defendant.

BYERS, District Judge.

This cause having been tried before the undersigned on December 4, 1946, I do hereby make and state the following:

## Findings of Fact

1. During the month of March, 1946, the defendant, Catherine Ramberg, entered into an oral agreement with one Gertrude Watkins for the occupancy of a 4-room bungalow located on Lake Drive, New City Park, Rockland County, New York, from May 1, 1946, for the summer season of 1946, at the agreed rental of $300 for the said season; it was further agreed between the parties that occupancy on the part of the tenant and her family might extend beyond the summer season for a period of not to exceed three months after Labor Day of 1946, without the payment of additional rental.

2. The said bungalow was rented as a furnished habitation, and was so occupied by the said Gertrude Watkins and her family, and said occupancy continued to and including October 14, 1946, when the order to show cause signed by Judge Mandelbaum was procured.

3. On or about September 17, 1946, the defendant instituted a dispossess proceeding in the Justice's Court in Clarkstown, Rockland County, New York, for the purpose of securing possession of the demised premises.

4. Such dispossess proceeding was carried to a conclusion, and a judgment of eviction was entered by default on or about October 1, 1946.

5. No notice was sent to the Area Rent Office of the Office of Price Administration prior to the initiation of the said dispossess proceeding.

6. The plaintiff has failed to sustain his burden of proof that said tenancy of the premises referred to in Finding 1 hereof was for more than the summer season of 1946 as it was recognized and measured according to the uses and practices prevailing in the community in which the said bungalow was located, and as extended by the mutual understanding of the parties for a period not to exceed three months after Labor Day of September, 1946.

### Conclusion of Law

The defendant's motion for the dismissal of the complaint must be granted, and judgment accordingly is hereby ordered.